### In the Matter of GATES ENGINEERING CO., INC., Debtor.

### GATES ENGINEERING CO., INC., Plaintiff,

### v.

### INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant.

**Bankruptcy No. 89-44.
Adversary No. 89–15.**

United States Bankruptcy Court, D.Delaware.

July 24, 1989.

James L. Patton, Jr., David W. O'Connor, Young, Conaway, Stargatt & Taylor, Wilmington, Del., Douglas J. Smillie, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for debtor/plaintiff.

Francis J. Trzuskowski, Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, Del., Roger M. Whelan, Mark H. Berman, Verner, Liipfert, Bernhard, McPherson & Hand, Chartered, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Gates Engineering Co., Inc. is a debtor-in-possession having filed a Chapter 11 case on January 25, 1989. On February 21, Gates sued International Fidelity Insurance Company (IFIC) for $182,670.27. Gates seeks to recover this sum under performance bonds that IFIC issued to Great Western Roofing, Inc. (GWR). GWR was a roofing contractor that entered into contracts with the United States of America. Gates supplied the materials GWR installed on the following government projects:

I. Naval Air Station Building 964 Jacksonville, Florida

II.  Pensacola Naval Air Depot Houston, Texas

III.  Naval Air Station Building 769 Millington (Memphis), Tennessee

GWR was adjudicated a bankrupt before any payment was made to Gates.

IFIC moved to dismiss Gates' complaint on the following grounds:

1.  The action is barred by the statute of limitations.

2.  This court lacks subject matter jurisdiction.

3.  Gates failed to properly plead as required by 40 U.S.C. § 270b(b).

Although the parties subsequently filed affidavits and briefed the motion as one for summary judgment, this court may not dispose of the merits as it lacks subject matter jurisdiction.

The parties agree that this is a *Miller Act* case and that the district courts have exclusive jurisdiction. They differ as to which district court. It is IFIC's position that § 270b(b) of title 40, United States Code, requires such actions to be brought in the United States District Court for the district in which the contract was to be performed and executed and not elsewhere.

Gates argues that this restriction is overcome as to it, a Chapter 11 debtor, under the venue provisions of § 1409(a) of title 28, United States Code, which provides that a matter related to a bankruptcy case may be commenced in the district court in which such case is pending. Gates contends that the Delaware bankruptcy court is the appropriate forum. It relies upon 28 U.S.C. § 1334(b) and the District Court's order of July 23, 1984 issued pursuant to 28 U.S.C. § 157(a) which referred all cases and all proceedings in bankruptcy matters to this court.

IFIC counters that even if the District Court of Delaware is an appropriate forum, the bankruptcy court lacks jurisdiction because the proceeding is subject to mandatory withdrawal under § 157(d). While the proceeding may be subject to withdrawal, it is so only upon timely motion of a party. Absent such a motion, it appears that this court may reach the merits. Despite the

broad language of the statute conferring bankruptcy jurisdiction in district courts and the order of referral, this is not so.

Congress in the *Miller Act* conferred jurisdiction "in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere." The unequivocal phrase "and not elsewhere" amounts to exclusive, not permissible, venue and is a jurisdictional requirement. *United States v. Roscoe-Ajax Constr. Co.*, 246 F.Supp. 439, 442–43 (D.N.D.Cal.,S.D.1965).

Congress in conferring jurisdiction of civil proceedings relating to bankruptcy cases said:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.  28 U.S.C. § 1334(b)

Congress negated its grants of exclusive jurisdiction to courts other than the district courts. It did not negate any Act which confers exclusive jurisdiction in a specific district court.

There is no ambiguity nor contradiction in the language of the two statutes. Such being the case, IFIC's motion to dismiss must be granted for lack of subject matter jurisdiction.